**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TERRON A. EGERSON,**

      **Petitioner,**

      **v.**                                               **Case No. 24-CV-1620**

**DENITA BALL,**
**Milwaukee County Sheriff's**
**Office,**[1]

      **Respondent.**

---

**RECOMMENDATION FOR DISMISSAL OF PETITION**[2]

---

Terron A. Egerson, who is currently incarcerated at the Milwaukee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Egerson challenges his conviction in Milwaukee County Case No. 2023CF002138. (*Id.* at 2.) Egerson also moves for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2.) Egerson's motion to proceed *in forma pauperis* (Docket # 2) is granted. For the following reasons, however, I recommend that his petition be dismissed.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner

---

[1] Because the proper respondent is the state officer who has custody over the petitioner, *see* Rule 2 of the Rules Governing § 2254 Cases, the caption is amended to name the Sheriff of Milwaukee County Sheriff's Office, which maintains the Milwaukee County Jail where Egerson is currently located.

[2] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

is not entitled to relief in the district court." Egerson seeks habeas relief on the following grounds: (1) ineffective assistance of counsel; (2) speedy trial violation; (3) vindictive prosecution/prosecutorial misconduct; (4) inclusion of improper hearsay at trial; (5) untimely preliminary examination; (6) *Daubert* motion denial; (7) severance motion denial; (8) identification motion denial; and (9) conviction by an unfair/biased jury. (Docket # 1.) Egerson, however, has not yet been sentenced in this case, with sentencing scheduled for January 23, 2025. (*Id.* at 2.)

As such, Egerson's petition is premature. A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation and citation omitted). To afford the state this opportunity, the prisoner should fairly present his federal claims to each appropriate state court before seeking relief in federal court. *Id.* In other words, the prisoner must assert his federal claims through "one complete round of state-court review," either on direct appeal of his conviction or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "One complete round of state-court review" means that Egerson must raise his constitutional issues at each and every appropriate level of the state court system, including filing a petition for review before the Wisconsin Supreme Court. *See id.* at 1025–26.

Although Egerson has been found guilty by a jury, he has not yet been sentenced and no judgment of conviction has been entered. Egerson is at the very beginning stages of pursuing his state court post-conviction remedies. Egerson cannot bring a federal habeas

petition pursuant to § 2254 unless and until he exhausts Wisconsin's post-conviction process. For these reasons, it is recommended that Egerson's § 2254 petition be dismissed.

**IT IS ORDERED** that Egerson's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**NOW, THEREFORE, IT IS RECOMMENDED** that Egerson's habeas petition (Docket # 1) be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of January, 2025.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge